UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN EDWARD BETTYS, | |
| Petitioner, | Case No. C16-449-RSM |
| v. | |
| MARK STRONG, | ORDER DISMISSING FEDERAL HABEAS ACTION |
| Respondent. | |

This is a federal habeas action brought under 28 U.S.C. § 2241.  *See* Dkt. #16 at 1 n.1. Petitioner John Edward Bettys seeks to challenge his 2013 Skagit County Superior Court conviction and sentence.  In his Objections to the Report and Recommendation ("R&R") of James P. Donohue, Chief United States Magistrate Judge, Petitioner argues that the R&R failed to properly analyze the law surrounding Petitioner's 2005 judgment and sentence and subsequent actions of the trial court in 2013.  Dkt. #17 at 5.  Petitioner argues that the R&R "ignores the constitutional violations committed by the Trial Court in this direct criminal appeal action, without reasonable justifications for Federal Court's (sic) failure to provide justice to petitioner." *Id*. at 7.  Petitioner goes on to argue that "[a]lthough it is apparent that petitioner will be given his day in court regarding these constitutional violation claims… under a Federal Writ of Habeas Corpus at some point after he is under the civil judgment in the Sexual Violent Predator act

ORDER DISMISSING FEDERAL HABEAS ACTION - 1

petition, this does nothing for the years that he is being subjected to the present illegal pre-trial confinement awaiting that civil judgment…" *Id*. Petitioner argues that his situation constitutes "an extraordinary circumstance… that does warrant the action of this Court at present." *Id*. at 10. Petitioner cites to no legal authority for this conclusion. Petitioner argues that he could bring a §1983 action against the involved attorneys and Trial Court and requests the Court convert this habeas action into a §1983 action. *Id*.

The Court has reviewed Petitioner's Objections and finds that Petitioner does not demonstrate factual mistake or legal error in the R&R. A writ of habeas corpus may issue only upon a finding that a prisoner is 'in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The R&R makes clear that the Petitioner is not in custody under cited cases. Dkt. #16 at 4-6. This is a proper basis to deny the petition. Further, the Court agrees with the R&R that "[t]o the extent petitioner's federal habeas petition might be construed as presenting a direct challenge to the lawfulness of petitioner's current confinement, the petition is premature." *Id.* at 6. Petitioner appears to accept this legal conclusion. The Court finds that Petitioner has failed to demonstrate extraordinary circumstances under *Younger v. Harris*, 401 U.S. 37 (1971). *See id.* The Court declines Petitioner's request to convert this case into a §1983 action.

The Court, having reviewed Petitioner's petition for writ of habeas corpus, Respondent's answer to the petition, the Report and Recommendations of James P. Donohue, Chief United States Magistrate Judge, Petitioner's Objections, and the remaining record, hereby finds and ORDERS:

(1)   The Court adopts the Report and Recommendation.

ORDER DISMISSING FEDERAL HABEAS ACTION - 2

(2)     Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1), and this action, are DISMISSED with prejudice.

(3)     The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable James P. Donohue.

DATED this 12th day of October 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FEDERAL HABEAS ACTION - 3